■ In the Matter of ROBERT E. WHELAN, as Comptroller of the City of Buffalo, Appellant, v JAMES D. GRIFFIN, as Mayor of the City of Buffalo, et al., Respondents.—Judgment unanimously affirmed, without costs. Memorandum: This CPLR article 78 proceeding in the nature of mandamus seeks to compel the Mayor of the City of Buffalo and other city officials to draft legislation authorizing payment of increased salaries to six appointed employees within petitioner's department for the 1984-1985 fiscal year beginning July 1, 1984. The Buffalo City Charter requires the Mayor to submit a proposed budget to the Common Council of the City of Buffalo and provides that budget additions it makes are subject to the Mayor's veto, which the Council may override with the approval of two thirds of its members. The Corporation Counsel has ruled that any salary increase included in the budget must also be incorporated into an amendment to the "salary ordinances", that Common Council must amend such ordinances before salary raises can be paid and that existing salary ordinances are not superseded solely by the adoption of a budget. Here, the record establishes that the Common Council intended to raise the salaries of these employees, made an appropriate budgetary addition, and timely notified the Mayor. However,

the proposed amendment to the salary ordinances drafted by respondents did not include these salary increases. In response to petitioner's objections to the draft ordinance, the Common Council "tabled and separated from the proposed salary ordinance amendment all of the exempt and appointive positions in City government, including the six positions" before enacting the remainder of the amendment. Nothing further was done until March 1985 when petitioner requested that the Common Council approve the salary increases for the six employees in conformity with the 1984-1985 budget. The Corporation Counsel then advised Common Council that this action would require the approval of the respondent Budget Director. When this approval was denied the Common Council took no further action on the tabled amendment to the salary ordinances. Petitioner then commenced the within proceeding to compel respondents to take the action necessary to permit the Common Council to enact a salary ordinance amendment in conformity with the 1984-1985 budget.

Special Term found that petitioner's claim accrued on July 1, 1984 and dismissed the petition as untimely. We agree that the petition must be dismissed but on the ground that it does not state a cause of action.

The inaction of the Common Council is fatal. Although petitioner can show that the salary increases were included by the Common Council in the 1984-1985 budget, that document is not self-executing and must be implemented through an amendment of the salary ordinances which, to date, the Common Council has failed to enact. Petitioner claims that the Common Council would adopt the necessary legislation if respondents fulfilled their alleged ministerial duty to draft and approve a proposed ordinance in conformity with the budget. Petitioner's claim, however, is based on speculation, since he has been unable to persuade the Common Council either to act on its own initiative or to challenge the Corporation Counsel's interpretation of the City Charter that the salaries at issue could not be increased without the approval of the Budget Director. (Appeal from judgment of Supreme Court, Erie County, Kane, J.—art 78.) Present—Doerr, J. P., Green, Lawton and Schnepp, JJ.